IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NOLAN RAMON NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  08-3235 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Government's Motion to Dismiss Petitioner Nolan Ramon Nelson's § 2255 Motion (d/e 5). Nelson pleaded guilty to conspiracy to distribute 50 or more grams of cocaine base ("crack") and at least 5 kilograms of cocaine. United States v. Nelson, Case No. 02-30107, Acceptance of Plea of Guilty entered May 15, 2003. Nelson now claims that he received ineffective assistance of counsel at sentencing and on appeal. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1), attached Memorandum of Law in Support of Title 28 U.S.C. § 2255 Motion (Memorandum of Law), at 5-12. The Government moves to dismiss

1

because Nelson entered into a Plea Agreement in which he waived his right to bring a § 2255 Motion. Motion to Dismiss Petitioner's § 2255 Motion (d/e 5) (Motion to Dismiss), attached Plea Agreement and Stipulation of Facts (Plea Agreement) (criminal d/e 26). The Court agrees that Nelson waived his right to bring the action. The Motion to Dismiss is allowed.

On November 7, 2002, Nelson was indicted on three counts. Count 1 charged Nelson with Conspiracy to Distribute 50 or more Grams of Cocaine Base ("crack") and 5 or more Kilograms of Cocaine, in violation of 21 U.S.C. § 841(a)(1). Count 2 charged Nelson with Possession of Cocaine Base ("crack") with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Count 3 charged Nelson with Distribution of Cocaine Base ("crack") in violation of 21 U.S.C. § 841(a)(1). Indictment (d/e 2) (criminal d/e 6). Nelson had a prior state felony conviction for unlawful delivery of a controlled substance, and another prior state felony conviction for unlawful possession of a controlled substance. Response to Government's Motion to Dismiss Petitioner's § 2255 Motion (d/e 8), attached Indictment in Will County, Illinois, Case Nos. 94 CF 4875 & 94 CF 4876; Amended Information in Adams County, Illinois, Case No. 95 CF 56; and Order and Judgment on Sentence entered October 2, 1995, in Case No. 95 CF 56. As

a result of these prior convictions, Nelson faced a mandatory life sentence. 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).

The Government and Nelson executed a Plea Agreement dated March 14, 2003. Pursuant to the terms of the Plea Agreement, Nelson agreed to: (1) plead guilty to Count 1 in the Indictment, (2) waive his right to bring either an appeal or a § 2255 Motion or other collateral attack, and (3) cooperate with the Government; and the Government agreed to: (1) dismiss Counts 2 and 3, (2) recommend a sentence at the bottom of the Guideline sentencing range, and (3) consider making a motion for a downward departure at sentencing. Plea Agreement, ¶¶ 4, 11-20. The waiver of collateral attack provision of the Plea Agreement stated:

> The defendant also understands that he has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands his rights under the statute. Understanding those rights, and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed

and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of his counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from his attorney regarding this right. Regardless of any advice the defendant's attorney may have given him, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include his right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

<u>Plea Agreement</u>, ¶ 12.

On April 28, 2003, the Government filed a Notice of Nelson's two prior felony convictions. On that same day, Nelson appeared before United States Magistrate Judge Byron G. Cudmore and entered a plea of guilty to Count 1 pursuant to the Plea Agreement. During the plea colloquy, Judge Cudmore asked Nelson specifically about the waiver of his right to bring this § 2255 Motion:

> The Court: Paragraph 12, Mr. Nelson, is captioned Waiver of Right to Collateral Attack. This is without any exceptions. . . . Normally what happens in a collateral attack is a defendant says, in a separate case filed . . . Judge, what happened to me in the old . . . case, something was done improperly. Generally the argument

4

|  |  |
|---|---|
|  | is there was, in effect, a deprivation of some right guaranteed by the US Constitution.  Do you understand that? |
| Nelson: | Yes. |
| The Court: | What you're doing in paragraph 12 is you're waiving or giving up your right to bring this other case attacking something that you believe may have occurred that was improper in this case.  Understood? |
| Nelson: | Yes. |
| The Court: | Any questions at all? |
| Nelson: | No. |
| The Court: | The Court finds the Defendant has waived his right to collateral attack knowingly and with understanding. |

<u>Case No. 02-30107, Transcript of Proceedings (criminal d/e 48)</u>, at 23-24. Judge Cudmore entered a Report and Recommendation that Nelson's guilty plea should be accepted.  This Court accepted the guilty plea on May 15, 2003.

The Court sentenced Nelson on August 22, 2005.  At that time, Nelson faced a statutory mandatory sentence of life.  The Government made a motion for a downward departure below the mandatory minimum due to Nelson's substantial assistance.  18 U.S.C. § 3553(e); U.S.S.G. §

5

5K1.1. The Court allowed the motion and sentenced Nelson to 262 months imprisonment. Minute entry entered on August 22, 2005.

On October 21, 2008, Nelson filed this Petition. He alleges ineffective assistance of counsel at sentencing and on appeal. He claims that his sentencing counsel and appellate counsel were ineffective because neither argued that the language of 21 U.S.C. § 841 is ambiguous, and thus, he was not subject to a mandatory life sentence under the statute. Memorandum of Law, at 5-9. He also asked for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) due to U.S.S.G. Amendment 706, which changed the sentencing guideline provisions used to calculate sentences based on quantities of crack. Id., at 9-12.

The Government now moves to dismiss because of Nelson's waiver in his Plea Agreement of his right to bring a § 2255. Such waivers are enforceable as long as: (1) the waiver was knowing and voluntary, and (2) the petitioner cannot establish ineffective assistance in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1068 (7th Cir. 2000). The waiver was knowing and voluntary. The Agreement recites that Nelson made the waiver knowingly and voluntarily and with advice of counsel, and Judge Cudmore discussed the waiver with Nelson in open court before

Nelson pleaded guilty. Judge Cudmore found that the waiver was knowing and voluntary. Nelson does not dispute that the waiver was knowing and voluntary. Furthermore, Nelson does not allege any ineffectiveness of counsel in connection with his plea negotiations, his Plea Agreement, or the entry of his guilty plea. The waiver, therefore, is enforceable.

THEREFORE, the Government's Motion to Dismiss Petitioner's § 2255 Motion (d/e 5) is ALLOWED. The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DISMISSED. The Clerk is directed to file in this case a copy of the Docket Sheet and the Transcript of Proceedings (criminal d/e 48) from Nelson's criminal proceeding, Case No. 02-30107. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: April 17, 2009

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE